IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO ACEITUNO-URBINA, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | A-25-CV-01646-ADA |
| | § | |
| ERIC GUERRERO, | § | |
| RESPONDENT. | § | |

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF #1) and Respondent's Answer (ECF #12). Petitioner did not file a response thereto. Petitioner, proceeding *pro se*, paid the filing fee for this case. For the reasons set forth below, the Court dismisses Petitioner's Petition as time-barred.

## I.  STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 421st Judicial Court of Caldwell County, Texas, in cause number 21-081. He was charged by indictment with aggravated sexual assault of a child under six years of age (Counts I and II); aggravated sexual assault of a child under fourteen years of age (Count III); indecency with a child by contact (Count IV); and indecency with a child by exposure (Count V).

Petitioner pleaded not guilty to all the charges. On June 6, 2022, a jury found Petitioner guilty of three counts of aggravated sexual assault of a child under fourteen years of age (lesser-included offense, Counts I and II; as charged in the amended indictment, Count III); indecency with

a child by contact (Count IV); and indecency with a child by exposure (Count V).  He was sentenced to incarceration for 25 years on Count I, 45 years on Count II, 65 years on Count III, 15 years on Count IV, and six years on Count V, to be served concurrently.

Petitioner's convictions were affirmed on direct appeal on June 16, 2023.  *Aceituno-Urbina v. State*, No. 07-22-00205-CR, 2023 WL 4056064 (Tex. App. – Amarillo 2023, pet. ref'd).  He filed a petition for discretionary review, and it was refused on October 25, 2023.  *Aceituno-Urbina v. State*, PDR No. 0453-23 (Tex. Crim. App. 2023).

Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner filed his application on January 18, 2025.  On September 17, 2025, the Texas Court of Criminal Appeals denied the application without written order, on the findings of the trial court and on its independent review of the record.  *Ex parte Aceituno-Urbina*, No. 96,491-01 (Tex. Crim. App. 2025).

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      There is no evidence to support his convictions;

2.      His due process rights were violated because:

      a.      The trial court granted the State's motion to amend the indictment without returning the indictment to the grand jury;

      b.      The trial court proceeded with trial despite being "aware that the jury had no understanding of the Fifth Amendment or the presumption of innocence";

      c.      The trial court failed to obtain his ten-day waiver;

      d.      He was convicted with insufficient evidence because there was no lesser included evidence of Aggravated Sexual Assault;

3.      Trial counsel provided ineffective assistance for failing to investigate;

4.      Trial counsel provided ineffective assistance for failing to object to the indictment; and

5.      Appellate counsel provided ineffective assistance for failing to raise the issues of ineffective trial counsel and illegal indictment on direct appeal.

## II.  DISCUSSION AND ANALYSIS

### A.    Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.    Application

Petitioner's conviction became final, at the latest, on January 23, 2024, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when

it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). At the time Petitioner filed his state application for habeas corpus relief on January 18, 2023, only four days remained of the one year limitations period. The Texas Court of Criminal Appeals denied Petitioner's application on September 17, 2025. Therefore, Petitioner had until September 22, 2025, to timely file his federal application. Petitioner did not execute his federal petition until October 2, 2025, after the limitations period had already expired.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner argues he is innocent. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by petitioner in support of actual-innocence exception to doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousley v. United States*, 523 U.S. 614,

623–624 (1998). In this case, Petitioner has not met this burden. In addition, Petitioner fails to demonstrate that he has been pursuing his rights diligently.

Moreover, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CERTIFICATE OF APPEALABILITY

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason but also makes a substantial showing of the denial of a constitutional right. After due consideration, the Court denies Petitioner a COA.

### IV. CONCLUSION

Petitioner's habeas corpus petition is time-barred. A certificate of appealability is not warranted.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on May 30, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE